UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Dejuan Jackson, | File No. 25-CV-02917 (JMB/ECW) |
| Petitioner, | |
| v. | ORDER |
| Paul Schnell, Commissioner of Minnesota Department of Corrections; Tim Walz, Governor for the State of Minnesota; Sofia Khan, Commissioner of Minnesota Department of Corrections; Connie Jones, Deputy Commissioner of Minnesota Department of Corrections; Paul Graff, Assistant Commissioner of Minnesota Department of Corrections; Kelly Mitchell, Assistant Commissioner of Minnesota Department of Corrections; Jolene Robertus, Assistant Commissioner of Minnesota Department of Corrections; Tracy Betz, Warden MCF-Faribault; William Bolin, Warden MCF-Stillwater; Dan Moe, Associate Warden Operations, MCF-Stillwater; and Ajibola Olarinde, Associate Warden Administration MCFStillwater, Individual and Official Capacities, | |
| Respondents. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Cowan Wright (Doc. No. 11). Judge Wright's R&R makes recommendations to the Court on Petitioner Jackson's Application to Proceed In Forma Pauperis (IFP Application) (Doc. No. 1), the Amended Complaint (Doc. No. 9), and Jackson's Motion for a Temporary Restraining Order (TRO) (Doc. No. 5). Jackson

1

objected to the R&R's conclusions and alleged that judges within the District of Minnesota have retaliated against him for filing an IFP Application. (Doc. No. 12.) No appearances have been entered for Respondents, nor have any responses or objections by Respondents been made. For the reasons explained below, the Court will overrule Jackson's objections and adopt the R&R.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provided a detailed history, the Court only briefly summarizes it here.

Jackson filed an IFP Application and Complaint alleging being subjected to unlawful conditions of detention in violation of the Eighth and Fourteenth Amendments. (Doc. No. 1-1 at 3–20.) Jackson has filed many cases in the past and is currently restricted by Court order from initiating new litigation in the District of Minnesota, absent first satisfying certain conditions. *See Jackson v. Schnell*, No. 23-CV-0366 (PJS/DTS), Doc. No. 16 (D. Minn. May 24, 2023). Jackson's IFP Application and Complaint were initially filed in Iowa, but were then transferred to this District under 28 U.S.C. § 1406(a) since the Defendants were the Governor of Minnesota and the Commissioner of the Minnesota Department of Corrections, and because the events in his Complaint were alleged to have taken place in Minnesota. (Doc. No. 3 at 2.)

After Magistrate Judge Wright conducted a preliminary review of Jackson's Complaint pursuant to 28 U.S.C. § 1915(a), Jackson was afforded an opportunity to, and later did, amend the initial complaint. (Doc. Nos. 8.) The Magistrate Judge then reviewed

the Amended Complaint and recommended dismissal without prejudice for failing to meet the requirements of Rules 8(a)(2) and 20(a)(2) of the Federal Rules of Civil Procedure. (Doc. No. 11 at 3–5.) The Magistrate Judge also recommended denying the TRO and IFP Application, as well as requiring payment of the mandatory filing fee. (*Id.* at 5–6.)

## DISCUSSION

Jackson objected to the R&R, arguing that the Amended Complaint does satisfy the requirements of the Federal Rules of Civil Procedure. The Court agrees with the R&R in its entirety and overrules Jackson's objections.

The Court conducts a de novo review of any portion of an R&R to which a petitioner makes specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Court gives the filings and objections of self-represented litigants liberal construction. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and all defendants are related by common questions of law and fact that relate to the same transactions and occurrences, Fed. R. Civ. P. 20(a)(2).

In this case, the Amended Complaint is not concise and contains no clear statement of the specific claims being raised. Instead, the Amended Complaint contains a wide variety of unrelated allegations against distinct defendants spanning many different dates. (*See* Doc. No. 9 at 13–31.) For these reasons, the Court concludes that the Amended Complaint does not satisfy the requirements of the Federal Rules of Civil Procedure. *See Jackson v. Schnell*, No. 23-CV-0366 (PJS/DTS), 2023 WL 3630889, at *3 (D. Minn. Apr. 20, 2023) (dismissing one of Jackson's previous lawsuits under Rule 20(a)(2) because the

3

complaint "simply collected a wide-ranging set of complaints against MCF-Stillwater and stitched them together into one pleading," and those claims did not arise out of the same transaction or occurrence or present questions or law or fact common to all defendants), *R. & R. adopted*, 2023 WL 3628722 (D. Minn. May 24, 2023), *appeal dismissed*, No. 23-2428, 2023 WL 8660939 (8th Cir. Aug. 4, 2023).

Therefore, the Court dismisses the Amended Complaint without prejudice. In addition, the Court necessarily denies the TRO and IFP Application.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's Objections (Doc. No. 12) to the R&R are OVERRULED.
2. The R&R (Doc. No. 11) is ADOPTED.
3. The Amended Complaint (Doc. No. 9) is DISMISSED WITHOUT PREJUDICE.
4. The TRO (Doc. No. 5) and IFP Application (Doc. No. 1) are DENIED.
5. Jackson must pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Jackson is confined.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 3, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court